# EXHIBIT  A



Daniel S. Schiffman, Esq.
Partner

SCHIFFMAN

email: dan@schiffmanfirm.com

October 3, 2024

Via: CM/RR

Tricam Industries, Inc.
7677 Equitable Drive
Eden Prairie MN 55344

ATTN: LEGAL DEPARTMENT

      RE:    Catherine Stash and Richard Stash, her husband v. Tricam Industries, Inc. and Home Depot U.S.A., Inc.

Dear Sir/Madam:

     Please be advised that a civil action has been filed against you. Enclosed you will find a Complaint and proof of filing. You should take this document to your legal counsel upon receipt thereof.

                                Very truly yours,

                                */s/Daniel S. Schiffman*
                                Daniel S. Schiffman

DSS/rr
enclosure



Ricchiuto, Rochelle <rochelle@schiffmanfirm.com>

## Approval Confirmation Submission ID: 3088877 CaseID: TMP1385284
1 message

**webmaster.pro@county.allegheny.pa.us** <WEBMASTER.PRO@county.allegheny.pa.us>

Wed, Oct 2, 2024 at 3:01 PM

To: DAN@schiffmanfirm.com
Cc: promail@alleghenycounty.us

## Approval Details

*Please be advised that dockets have been accepted by the*
*Allegheny County Department of Court Records, Civil/Family Division for Case Number:GD-24-010960*
*Dockets filed for Temporary Case Number:TMP1385284*
*have been assigned to Permanent Case number:GD-24-010960*

| | |
|---|---|
| **Submission ID:** | 3088877 |
| **Status:** | Approved |
| **Case Number:** | GD-24-010960 |
| **Case Description:** | Stash etal vs Home Depot U.S.A. Inc. etal |
| **Filing Date/Time:** | 10/2/2024 1:39:56 PM |

### *Docket Details are as follows:*

| ClientID | Filed By | Sequence nbr | Docket Type Code | Docket Type | Fees |
|---|---|---|---|---|---|
| Stash | 309825 | 1 | COMPL | Complaint | 212.75 |

Payment Type : Credit Card
(There will be an additional 4% service charge on all Credit Card e-filings by the merchant card provider)
Civil/Family Division Amount :212.75
Sheriff's Amount :
Total Amount :212.75
Receipt NO :8974902

**The Department of Court Records will not be assigning court dates to Arbitration matters as per Administrative Order AD-20-000095-PJ which was filed on March 16, 2020. Once the court resumes normal operations and the stay is lifted the Attorney/Litigant will be required to file a "Praecipe to Schedule an Arbitration Date" in order to receive a hearing date.**

***contact civil@alleghenycounty.us within 10 days on any issues ***

*Thank you for using the DCR, Civil/Family Division Electronic Filing and Retrieval System.*

**Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may**

**contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CATHERINE STASH and RICHARD STASH,
her husband,

        Plaintiff,

        v.

TRICAM INDUSTRIES, INC. and
HOME DEPOT U.S.A., INC.,

        Defendants.

CIVIL DIVISION

GD NO: 24-010960

TYPE OF PLEADING

COMPLAINT

FILED ON BEHALF OF:
Plaintiffs

COUNSEL OF RECORD:
Daniel S. Schiffman, Esquire
PA ID# 309825

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
412/288-9444

dan@schiffmanfirm.com

JURY TRIAL DEMANDED

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Daniel S. Schiffman Esquire

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

CATHERINE STASH and RICHARD STASH,        CIVIL DIVISION
her husband,

        Plaintiffs,                    GD NO: 24-010960

        v.                        JURY TRIAL DEMANDED

TRICAM INDUSTRIES, INC. and
HOME DEPOT U.S.A., INC.,

        Defendants.

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE:
The Allegheny County Bar Association
400 Koppers Building
436 Seventh Avenue, 3rd Floor
Pittsburgh, PA 15219

TELEPHONE: 412/261-5555

2

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CATHERINE STASH and RICHARD STASH    CIVIL DIVISION
her husband,

        Plaintiffs,

        v.

TRICAM INDUSTRIES, INC. and   :\
HOME DEPOT U.S.A., INC.,

        Defendants

## CIVIL ACTION COMPLAINT

**AND NOW,** come Plaintiffs Catherine Stash and Richard Stash, her husband, by and through their counsel Schiffman Firm, LLC and Daniel S. Schiffman, Esquire and file the within Complaint and in support thereof aver the following:

## THE PARTIES

1.     Plaintiff Catherine Stash is an adult individual and citizen of the Commonwealth of Pennsylvania, and County of Allegheny, who resides at 2204 Briarwood Drive, McKeesport, Pennsylvania 15135.

2.     Plaintiff Richard Stash is an adult individual and citizen of the Commonwealth of Pennsylvania, and County of Allegheny who is the husband of Plaintiff Catherine Stash and resides with him as such at 2204 Briarwood Drive, McKeesport, Pennsylvania 15135.

3     Defendant Tricam Industries, Inc. is a corporation with its principal place of business located at 7677 Equitable Drive, Eden Prairie, Minnesota 55344, which at all relevant times, traded and did business in the Commonwealth of Pennsylvania.

3

4.    Defendant Home Depot U.S.A., Inc. is a corporation which at all relevant times did business as Home Depot with its principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339 and which, at all relevant times, traded and did business in the Commonwealth of Pennsylvania.

5.    Defendant Tricam Industries, Inc. manufactures, markets, and/or sells Gorilla Ladders including the Gorilla Ladder, Easy Reach, Type II, 225 Load Capacity, 2 Ultra Light Step Stool with model no. AS2 and SKU no.123-443 (hereinafter "step stool" or "step ladder") which is the subject of this case.

6.    Defendant Home Depot U.S.A., Inc. manufactures, markets, and/or sells Gorilla Ladders including the Gorilla Ladder, Easy Reach, Type II, 225 Load Capacity, 2 Ultra Light Step Stool with model no. AS2 and SKU no.123-443, which is the subject of this case.

## STATEMENT OF JURISDICTION AND VENUE

7.    This Court may exercise jurisdiction over each Defendant because each Defendant does substantial business in this Commonwealth and within this County and receives substantial revenues from their marketing, distribution, and sales of the ladders and has engaged in the practices described in this Complaint in this state and have continuous and systematic contacts within this Commonwealth and County.

8.    Moreover, the injury giving rise to this action occurred in the County of Allegheny and Commonwealth of Pennsylvania and the most substantial part of the acts and omissions giving rise to this action occurred in the County of Allegheny and Commonwealth of Pennsylvania.

4

## OPERATIVE FACTS

9.   All preceding paragraphs of this Civil Action Complaint are incorporated here by reference.

10.   The step stool was purchased from a Home Depot store located at 102 Aldi Drive, North Versailles, Pennsylvania 15137.

11.   During the entire time Plaintiffs had the step stool, it was:

a. Utilized for its ordinary and intended use;

b. There were no material modifications or changes to the step stool; and,

c. The step stool was never misused.

12.   On or around October 8, 2022, Plaintiff Catherine Stash was using the step stool in her home.

13.   Plaintiff Catherine Stash slipped and/or fell and her leg was lacerated by the dangerous sharp edge of the posterior portion of the step stool's step, causing her to sustain severe injuries as more specifically set forth below.

14.   At all times relevant hereto, Defendants knew or should have known that the step stool had an unreasonably dangerous sharp edge and therefore posed a substantial risk of serious bodily injury to users such as Plaintiff.

15.   Defendants each knew or should have known that the step stool had to be designed and manufactured in a way that step stool would not pose a substantial risk of serious bodily injury to users such as the Plaintiff.

16.    As a direct and proximate result of the conduct of the Defendants, as set forth herein, jointly and severally, the Plaintiff Catherine Stash sustained the following injuries and damages:

a.    Traumatic avulsion of the left shin;

b.    Deep wound of skin due to avulsion exposing adipose tissue;

c.    Serious traumatic injury to the left lower extremity;

d.    Other serious injuries;

e.    Necessity of surgery;

f.    Pain and suffering;

g.    Emotional distress;

h.    Medical expenses;

i.    Loss of life's pleasures;

j.    Disfigurement; and

k.    Other damages.

17.    Plaintiff's injuries were caused solely and wholly by reason of the Defendants' joint and/or several conduct.

**COUNT I**
**CATHERINE STASH vs. TRICAM INDUSTRIES, INC.**
**STRICT LIABILITY**

18.    The allegations set forth above are incorporated herein by reference as if set forth in full.

19.    At all times relevant hereto, Defendant was engaged in the business of the design, manufacture, fabrication, assembly, inspection, marketing, distribution, supply, and/or sale of ladders including the step stool that is the subject of this lawsuit.

6

20.    Accordingly, Defendant was a seller as defined by Restatement (Second) of Torts §402A.

21.    The step stool was defective and in an unreasonably dangerous condition at the time it was designed, manufactured, and/or sold by Defendant and at the time of the incident described above. Specifically, the design and/or manufacture of the step stool was defective and unreasonably dangerous in that the step stool contained a protruding sharp edge which could and would injure users.

22.    The step stool was also defective because Defendant failed to warn of the defective and unreasonably dangerous conditions.

23.    The step stool was expected to, and did, reach Plaintiff Catherine Stash without substantial relevant change in the condition in which it was sold by Defendant.

24.    Plaintiffs' injuries and damages were caused by the defective step stool and, in particular, the unreasonably dangerous conditions set forth above.

25.    Reasonably feasible and safer alternative designs for the step stool existed that would not have caused injury during ordinary, intended, and reasonably foreseeable use of the step stool and that would have protected a step stool user from injuries caused by the defective and unreasonably dangerous conditions set forth above.

27.    At the time the step stool left Defendant's possession and control, it was in a defective condition to Plaintiff and others.

28.    At the time the step stool left Defendant's possession and control, it was defective because it did not meet the reasonable expectations of an ordinary consumer.

29.    At the time the step stool left Defendant's possession and control, it was defective because the risk posed by its design and manufacture exceeded the utility, if any, of its design.

7

30.    The step stool would not cause serious injury if the user came into contact with it unless it was defectively designed and/or manufactured.

31.    By reason of its design, manufacture, and distribution of the step stool in a defective condition, Defendant is strictly liable to Plaintiff.

WHEREFORE, Plaintiff Catherine Stash demands judgment against Defendant Tricam Industries, Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT II
## CATHERINE STASH vs. TRICAM INDUSTRIES, INC.
## NEGLIGENCE

32.    The allegations set forth above are incorporated herein by reference as if set forth in full.

33.    Defendant acted negligently and/or recklessly through its agents, servants, and/or employees, or as a corporate entity, in the following particulars:

a.    In selling step stools that were defective in the manners previously set forth;

b.    In negligently designing the step stools in a manner that created sharp, dangerous surfaces that posed a risk of injury to users of its product;

c.    In failing to implement and maintain adequate quality control measures during the manufacturing process, resulting in the production of step stools that were prone to have sharp dangerous edges and/or surfaces, thereby being unreasonably dangerous;

d.    In failing to ensure the step stools it sold were free from defects and safe for consumer use, as required by industry standards and regulatory guidelines;

e.    In negligently or knowingly using substandard and/or inappropriate materials in the manufacture of the step stools, significantly increasing the risk of injuries;

f    In failing to provide adequate warnings, instructions, or labels informing users of the potential risks associated with the use of their step stools;

g.    In failing to train employees involved in the design, manufacture, and quality control processes of the step stools, resulting in the creation of a hazardous product;

h.    In negligently marketing and distributing the step stools without disclosing known risks and defects, thereby exposing consumers to an unreasonable risk of harm;

i.    In selling step stools without all necessary features and/or accouterments to render them safe for use;

j.    In failing to have appropriate policies and procedures for identifying and remedying dangerous characteristics of the step stools prior to sale;

k.    In failing to retain competent personnel or entities to assure the safety of the step stools prior to sale;

l.    In failing to use materials that were suitable for the step stools' intended use; and

m.    In failing to design and/or manufacture step stools that would not have sharp edges and/or surfaces that a user may contact.

34.    As a direct and proximate result of Defendant' negligence, Plaintiff has sustained the significant injuries and damages as described herein.

WHEREFORE, Plaintiff Catherine Stash demands judgment against Defendant Tricam Industries, Inc in an amount in excess of the local arbitration limits exclusive of interest and costs.

**COUNT III**
**CATHERINE STASH vs. HOME DEPOT U.S.A., INC.**
**STRICT LIABILITY**

35.    The allegations set forth above are incorporated herein by reference as if set forth in full.

36.    At all times relevant hereto, Defendant was engaged in the business of the marketing, distribution, supply, and/or sale of stools and step ladders including the step stool that is the subject of this lawsuit.

37.     Accordingly, Defendant was a seller as defined by Restatement (Second) of Torts §402A.

38.     The step stool was defective and in an unreasonably dangerous condition at the time it was sold by Defendant and at the time of the incident described above.  Specifically, the design and/or manufacture of the step stool was defective and unreasonably dangerous in the manners previously set forth.

39.     The step stool was expected to, and did, reach Plaintiff Catherine Stash without substantial relevant change in the condition in which it was sold by Defendant.

40.     Plaintiffs' injuries and damages were caused by the defective step stool and, in particular, the unreasonably dangerous conditions set forth above.

41.     Reasonably feasible and safer alternative designs for the step stool existed that would not have caused injury during ordinary, intended, and reasonably foreseeable use of the step stool and that would have protected a step stool user from injuries caused by the defective and unreasonably dangerous conditions set forth above.

42.     At the time the step stool left Defendant's possession and control, it was in a defective condition to Plaintiff and others.

43.     At the time the step stool left Defendant's possession and control, it was defective because it did not meet the reasonable expectations of an ordinary consumer.

44.     At the time the step stool left Defendant's possession and control, it was defective because the risk posed by its design and manufacture exceeded the utility, if any, of its design.

45.     The step stool would not cause serious avulsion injury if the user came into contact with its edge and/or surface unless it was defectively designed and/or manufactured.

46.    By reason of sale and/or distribution of the step stool in a defective condition, Defendant is strictly liable to Plaintiff.

WHEREFORE, Plaintiff Catherine Stash demands judgment against Defendant Home Depot U,S.A., Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT IV
### CATHERINE STASH vs. HOME DEPOT U.S.A., INC
### NEGLIGENCE

47.    The allegations set forth above are incorporated herein by reference as if set forth in full.

48.    Defendant acted negligently and/or recklessly through its agents, servants, and/or employees, or as a corporate entity, in the following particulars:

a.    In selling step stools that were defective in the manners previously set forth;

b.    In failing to implement and maintain adequate quality control measures;

c.    In failing to ensure the step stools it sold were free from defects and safe for consumer use, as required by industry standards and regulatory guidelines;

d.    In negligently or knowingly permitting the use of substandard and/or inappropriate materials in the stepstools it sold, significantly increasing the risk of malfunction and injuries;

e     In failing to provide adequate warnings, instructions, or labels informing users of the potential risks associated with the use of their step stools;

f.    In negligently marketing and distributing the step stools without disclosing known risks and defects, thereby exposing consumers to an unreasonable risk of harm;

g.    In selling step stools without all necessary accouterments to render them safe for use;

h.    In failing to have appropriate policies and procedures for remedying problems with the step stools prior to sale;

11

i.      In failing to retain competent personnel or entities to assure the safety of the step stools prior to sale; and

j.      In failing to assure the use of materials that were suitable for the step stools' intended use,

49.     As a direct and proximate result of Defendant' negligence, Plaintiff has sustained the significant injuries and damages as described herein.

WHEREFORE, Plaintiff Catherine Stash demands judgment against Defendant Home Depot U,S.A., Inc in an amount in excess of the local arbitration limits exclusive of interest and costs.

**COUNT V**
**CATHERINE STASH vs TRICAM INDUSTRIES, INC. AND**
**HOME DEPOT U.S.A., INC.**

50.     The allegations set forth above are incorporated herein by reference as if set forth in full.

51.     As the direct, legal, and proximate result of the joint and/or several negligence and breaches of the mandates of Restatement (Second) of Torts §402A, Plaintiff Catherine Stash has sustained the significant injuries and damages described herein.

WHEREFORE, Plaintiff Catherine Stash demands judgment against Defendants Tricam Industries, Inc. and Home Depot U,S.A., Inc both jointly and/or severally in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT VI
### RICHARD STASH vs TRICAM INDUSTRIES, INC. AND
### HOME DEPOT U.S.A., INC.

52.   The allegations set forth above are incorporated herein by reference as if set forth in full.

53.   As the direct, legal, and proximate result of the joint and/or several negligence and breaches of the mandates of Restatement (Second) of Torts §402A, Plaintiff Richard Stash has sustained a loss of society, services, and consortium of his wife, Plaintiff Catherine Stash

WHEREFORE, Plaintiff Richard Stash demands judgment against Defendants Tricam Industries, Inc. and Home Depot U,S.A., Inc both jointly and/or severally in an amount in excess of the local arbitration limits exclusive of interest and costs.

RESPECTFULLY SUBMITTED:

SCHIFFMAN FIRM, LLC

By: _____
Daniel S. Schiffman, Esq.
Attorney for Plaintiffs

13

## VERIFICATION

The undersigned, CATHERINE STASH and RICHARD STASH, her husband, named herein, and being authorized to make this Verification for and on their behalf, having read the foregoing **COMPLAINT** verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of signers. Signers verify that they have read the foregoing, and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifiers have relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.

Date _8-8-24_                           CATHERINE STASH

Date: _8-8-24_                          RICHARD STASH

14